UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JOSEPH BEARD )
)
v. ) 2:13-cv-195; 2:09-cr-12(1)
) Jordan/Inman
UNITED STATES OF AMERICA )

## MEMORANDUM and ORDER

Petitioner Joseph Beard brings this *pro se* motion and supplemental motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Docs. 89 and 92].[1] In 2009, petitioner pled guilty to and was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), receiving, for that offense a sentence of 180 months imprisonment, [Doc. 41]. Petitioner pursued direct review of a sentencing claim, but his appeal was denied, [Doc. 86].

### I. Timeliness of the Motion

There is a problem with petitioner's motion—a problem he implicitly recognizes by asking the Court to vacate his sentence and resentence him under "28 U.S.C. § 2255(f)(3)," a reference to the one-year statute of limitations for filing motions to vacate. Title 28 United States Code § 2255 provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> . . .
> [or]
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

---

[1] All citations to the record refer to petitioner's criminal file.

> by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

Petitioner argues that the statute of limitations in his case is controlled, not by subsection (1), as in the typical motion to vacate, but by subsection (3). To supply necessary context, the Court will address each subsection.

**A.     Subsection (1)**

Under this subsection, the one-year limitations period begins to run when the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's judgment was entered on January 11, 2010, and his direct appeal was denied by the Sixth Circuit on March 22, 2012, [Docs. 41 and 86]. Petitioner sought no further direct review; therefore, his conviction became final ninety days later (i.e., June 20, 2012). *See Clay v. United States*, 537 U.S. 522, 524 (2003) (if no petition for certiorari is filed, judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court). Thus, if section 2255(f)(1) applies to the instant motion, petitioner would have had to file it on or before June 20, 2013, to be timely.

This motion is deemed to have been filed on July 24, 2013, the date petitioner handed it over to prison officials for mailing to the Court. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (holding that a § 2255 motion is treated as timely filed if it is delivered to the prison authorities for mailing prior to the lapse of the 1-year limitations statute) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)). Under this scenario, petitioner filed his motion over one month too late. This means that, for this motion to be timely, petitioner will require a new limitations period, such as the one provided in § 2255(f)(3).

**B.     Subsection (3)**

2

Under subsection (3), a motion to vacate is timely if filed within one year of the date on which the Supreme Court newly recognizes a right and makes it retroactively applicable to cases on collateral review. In his motion, petitioner raises for the first time a Sixth Amendment claim based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), a decision issued by the Supreme Court, which held that "[f]acts that increase [a] mandatory minimum sentence are ... elements [of the offense] and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. Petitioner argues that, under *Alleyne* and a related line of cases, including *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court could not impose a recidivist sentence under the Armed Career Criminal Act [ACCA], 18 U.S.C. § 924(e), based on judicial factfindings by a preponderance of evidence. Instead, as petitioner reads *Alleyne*, to impose an ACCA enhanced sentence, petitioner's prior convictions would have to have been alleged in the indictment and established by proof beyond a reasonable doubt to a jury.

There are several problems with petitioner's arguments. First, assuming without finding, that *Alleyne* enunciated a new right, the Supreme Court did not declare it to be retroactive to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review; furthermore, *Alleyne* is an extension of *Apprendi* and *Apprendi*-based rules have not been held to be retroactive); *accord, United States v. Stewart*, 2013 WL 5397401, *1 n.1 (4th Cir. Sept. 27, 2013) (noting "that *Alleyne* has not been made retroactively applicable to cases on collateral review"); *In re Payne*, _ F.3d _, _, 2013 WL 5200425 at *1–2 (10th Cir. Sept. 17, 2013) (finding that *Alleyne* is not retroactive) (citing *Simpson*); *Munguia v. United States*, 2013 WL 5306192, *17 (E.D.Tenn. Sept. 20, 2013) (finding that "the new rule announced in *Alleyne* is not retroactive and it cannot be applied retroactively to cases on collateral review under § 2255"). Because *Alleyne* did not create

3

a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the limitations statute set forth in § 2255(f)(3) does not save petitioner's motion from being time-barred.

Even if *Alleyne* could be applied in this § 2255 proceeding, it would not help petitioner. This is so because he ignores that *Alleyne* did not disturb the rule that a prior conviction is excluded from the jury-right jurisprudence in the *Apprendi* line of cases, but instead left intact the rule in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), i.e., that a judicial finding of a prior conviction by a preponderance of evidence is entirely constitutional. *Id.* at 2160 n.1; *see Booker v. United States*, 543 U.S. 220, 244 (2005) ("[W]e reaffirm our holding in *Apprendi*: any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (italics added); *Apprendi*, 530 U.S. at 490 (*"Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.") (italics added); *see also Vretke v. Haley*, 541 U.S. 386, 394 (2004) ("We have not extended *Winship*'s protections [requiring proof of each element of a criminal offense beyond a reasonable doubt] to proof of prior convictions used to support recidivist enhancements."). Thus, petitioner's argument that his prior drug convictions had to be charged in the indictment and proven to a jury is meritless.

Petitioner likewise ignores the fact that he pleaded guilty pursuant to a plea agreement, in which he stipulated to having been previously convicted of the precise offenses which he now claims were used, without benefit of a jury determination, to impose a recidivist sentence on him. Therefore, the fact of his prior convictions to which he stipulated is considered to have been proven and did not need to be presented for resolution by a jury. *See Apprendi*, 530 U.S. at 488

4

(distinguishing *Almendarez-Torres* on the basis that the defendant "had admitted the three earlier convictions for aggravated felonies" so that there was "no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact").

## C. Equitable Tolling

The one-year of statute of limitations for filing a § 2255 motion is subject to equitable tolling. *See Jones v. United States*, 689 F.3d 621, 626-27 (6th Cir. 2012). Petitioner establishes his entitlement to equitable tolling by showing "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

Nothing which is alleged by petitioner in his motion or which is apparent on the face of the record satisfies these two factors, such that equitable tolling would be warranted in this case.

## II. Conclusion

It, therefore, appears that this § 2255 motion, filed just over one month after the expiration of the statute of limitations, is untimely. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted).

Finally, petitioner's motion regarding the appeal waiver provision in his plea agreement has been rendered **MOOT** by the issuance of this order and, thus, is **DENIED**, [Doc. 90].

## III. Show Cause

Accordingly, the United States Attorney shall not be required to answer the motion at this time, and petitioner is **ORDERED** to **SHOW CAUSE**, within ten (10) days of the date of entry of this order, as to why this action should not be dismissed as untimely.

**IT IS SO ORDERED**.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE