UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:09-CR-012 |
| | ) | |
| JOSEPH BEARD | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's May 2020 *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 106]. The United States has responded in opposition to the motion. [Doc. 108]. The matter is now ripe for the Court's review. For the reasons stated below, the defendant's motion for compassionate release will be dismissed without prejudice.

### I.   BACKGROUND

In August 2009, the defendant pled guilty to being a felon in possession of a firearm. [Docs. 36, 39]. He acknowledged engaging in a gunfight with his codefendant, resulting in the defendant inadvertently shooting two innocent bystanders. [Doc. 36]. In January 2010, the Court imposed a prison sentence of 180 months. According to the Bureau of Prisons ("BOP"), the defendant is presently incarcerated at FCI Ashland with a scheduled release date of July 19, 2022. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 23, 2020).

The defendant now moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Citing the current COVID-19 pandemic, he asks for release based on his diabetes, hypertension, obesity,

irregular heartbeat, and "bad kidney problem."

On May 27, 2020, the defendant submitted a request for compassionate release to the warden of his BOP facility. [Doc. 108, ex. 1]. That request was denied on May 29, 2020. [*Id.*].

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020).

2

Case 2:09-cr-00012-RLJ   Document 110   Filed 06/29/20   Page 2 of 3   PageID #: 366

In this case, the record demonstrates that the defendant submitted his compassionate release request to his warden on May 27, 2020. His *pro se* compassionate release motion was received by this Court on that same date, bearing a postmark of May 18. Because the defendant did not wait to file his motion until 30 days after his warden received his request, current Sixth Circuit caselaw mandates that his motion be dismissed without prejudice. *See Alam*, 2020 WL 2845694, at *2, 5.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 106] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge