UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-012 |
| | ) | |
| JOSEPH BEARD | ) | |

## **MEMORANDUM AND ORDER**

On June 29, 2020, due to failure to exhaust administrative remedies, this Court denied with leave to renew the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 110]. Now before the Court are the defendant's renewed *pro se* motions for compassionate release [docs. 111, 113], to which the United States has responded in partial opposition. [Doc. 115]. For the reasons that follow, the defendant's renewed motions will be granted.

### I. BACKGROUND

In 2009, the defendant pled guilty to being a felon in possession of a firearm. [Docs. 36, 39]. He acknowledged engaging in a gunfight with his codefendant, resulting in the defendant inadvertently shooting two bystanders (and the defendant himself being shot by his codefendant). [Doc. 36]. In January 2010, the Court sentenced the defendant, as an Armed Career Criminal, to a prison sentence of 180 months. According to the Bureau of Prisons ("BOP"), the defendant is presently incarcerated at FCI Ashland with a scheduled release date of July 19, 2022. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 12, 2020).

The defendant, age 56, now moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Citing the current COVID-19 pandemic, he asks for release based on his diabetes, hypertension, obesity, irregular heartbeat, and kidney disease.

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*,

2

*United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on his behalf. [Doc. 108, ex. 1]. More than 30 days have passed since that request was received by the warden of his facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*,

3

960 F.3d at 832.

## B. Merits

### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The instant motion is based on Application Note 1(A)(ii)(I), which requires a serious medical condition that substantially diminishes the ability to provide self-care within the prison environment and from which the movant is not expected to recover.

Bureau of Prisons medical records confirm that the defendant suffers from hypertension, type 2 diabetes, osteoarthritis of the left knee, hepatitis C, and stage 3 kidney

4

disease. [Doc. 108, ex. 2]. Persons with certain conditions, such as type 2 diabetes and chronic kidney disease, are presently considered to be at increased risk of severe illness from COVID-19, and persons with hypertension may be at increased risk. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 12, 2020). In light of the defendant's diabetes and kidney disease, the United States concedes that his medical conditions constitute an extraordinary and compelling reason for compassionate release within the meaning of § 1B1.13. [Doc. 115, p. 9]. On the record before it, the Court agrees.

## 2. Danger to Any Other Person or to the Community

Next, the Court must determine whether the defendant has shown that he would not be a danger if released. Despite the alarming nature of the instant offense of conviction, the United States "defers to the Court's determination whether Beard is currently a danger to another person or the community." [*Id.*, p. 10]. While a close question in this case, the Court ultimately concludes that the defendant has met his burden on this point.

Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

5

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has familiarized itself with the defendant's Presentence Investigation Report ("PSR"). The Court has also reviewed the defendant's BOP SENTRY Report.

In the instant case, reacting to a "verbal altercation" with his codefendant, the defendant retrieved a semiautomatic pistol from his apartment. A gunfight ensued, with the defendant inadvertently shooting a father and daughter. [PSR, ¶¶ 8-15]. Unquestionably, that crime caused serious harm to the public and was far beyond a garden variety felon-in-possession offense.

As noted, the defendant was sentenced as an Armed Career Criminal. That status was based on 1988 and 1994 cocaine distribution convictions. [*Id.*, ¶¶ 36, 41-42].[1] Other convictions of note are assault and battery at age 11 (1975) and battery (originally charged with rape) at age 21 (1985). [*Id.,* ¶¶ 33, 35]. There have been three assault charges, all more than 20 years ago, which were dismissed. [*Id.*, ¶¶ 45-47]. There have been no violations of probation or parole. However, the defendant was placed in a boot camp to serve his 1994 cocaine sentences but was quickly removed and returned to prison "due to failure to participate." [*Id.*, ¶¶ 41-42]. To his PSR writer, the defendant denied having a substance abuse problem. [*Id.*, ¶ 57].

Violence and drug distribution are the obvious concerns from the defendant's criminal history. To his credit, there have been no disciplinary infractions related to those issues during his current imprisonment. In addition, the defendant works at his prison, has participated in some rehabilitative programming, and is categorized by the BOP as a low security inmate with a low risk of recidivism.

The defendant has submitted a proposed release plan to the BOP. The United States Probation Office has investigated that plan and has found it to be acceptable.

While the defendant has not incurred any BOP sanctions for violence or controlled substances, he has twice been sanctioned for refusing to obey an order. His BOP medical record shows some noncompliance with medication and at least one instance in which he became argumentative with a provider who would not order a knee MRI due to the

---

[1] The conduct underlying the two 1994 convictions occurred quite close in time (May 29 and June 30, 1993). [*Id.*, ¶¶ 41-42].

defendant's uncontrolled diabetes and hypertension. [Doc. 108, ex. 2]. The Court also again notes the defendant's 1995 "failure to participate" at the Tennessee Department of Corrections boot camp.

To the Court, these concerns are not grounds to find that the defendant would be a danger to the safety of another person or the community if released. They are suggestive, however, of an ongoing oppositional nature and lack of impulse control. Those issues, in turn, were apparent in the offense of conviction in this case.

The defendant's overall conduct while serving his current term of imprisonment, combined with his medical conditions and acceptable release plan, persuades the Court that he would not pose a danger to the safety of any other person or the community if released. To address the concerns expressed immediately above, the Court will impose an additional special condition of supervision requiring participation in an anger management program.

### 3. Section 3553(a) Factors

Section 3553(a) provides:

> (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal conduct;
>
>    (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
> . . . .
>
> (5) any pertinent policy statement guidelines [issued by the Sentencing Commission];
>
> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having considered these factors, the Court concludes that the time served in this case constitutes a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. Many of the pertinent § 3553(a) factors have already been discussed in the preceding section of this memorandum. As for the considerations of adequate deterrence and the avoidance of unwarranted sentence disparity, the Court notes that the defendant has—with consideration of good time credit—served all but 20 months of his sentence. A five-year period of supervised release remains in place and, as noted, additional special conditions of supervision will be imposed.

The Court concludes that, in light of the defendant's physical condition, his post-sentencing conduct, and service of the bulk of his 180-month term of imprisonment, continued incarceration would not serve the goals of sentencing as set forth in the § 3553(a) factors.

### III.  CONCLUSION

Because the Court finds that the defendant has shown extraordinary and compelling reasons for compassionate release, and that he does not pose a danger to the safety of any other person or the community, and that a reduction in sentence would be consistent with the § 3553(a) factors, the defendant's renewed motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [docs. 111, 113] will be granted.  While on supervised release, the defendant shall be subject to the following additional special conditions of supervision:

> 1. The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
>
> 2. The defendant shall complete, within the first 12 months of supervised release, an anger management program that has been approved in advance by the probation officer, unless he has completed an anger management program while in the custody of the Bureau of Prisons which is approved as acceptable by the probation officer.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan  
United States District Judge